*18 OPINION.
Smith:
The taxpayer is a ticket agency. During the year 1919 capital was not a material income-producing factor. The principal stockholders of the taxpayer from March to December 31, 1919, were Sam B. Fugazi and Katherine Fugazi, his wife. These two owned all of the stock outstanding, with the exception of one share held by the attorney for the taxpayer to comply with the statutes of California, which require three stockholders. Katherine Fugazi owned 50 per cent of the stock of the corporation. She received no salary from the corporation during the year 1919, but was of assistance to it in social activities. The only material question presented by this appeal is whether a principal stockholder who engages only in social activities for the benefit of a corporation is “regularly engaged in the active conduct of the affairs of the corporation,” within the meaning of the definition of a “personal service corporation” contained in section 200 of the Kevenue Act of 1918.
The evidence is to the effect that Katherine Fugazi only occasionally visited the ticket office of the taxpayer corporation. She appears, however, to have been of assistance to the corporation through her connections with church and various societies, wherein she met and became acquainted with people of southern Europe or their descendants, from whom the major part of the business is derived. She could not state definitely what proportion of the business coming to her husband’s agency was attributable to her social activities. She thought, however, that some of it was.
*19 We do not think that the principal stockholder of a corporation who simply engages in social activities for the benefit of the corporation is “ regularly engaged in the active conduct ox the affairs of the corporation,” within the meaning of the definition of a “ personal service corporation” as contained in the Eevenue Act of 1918. In our opinion this language implies the actual performance of definite services and not merely the cultivation of acquaintances for the purpose of inducing them to have business transactions with the corporation. We have so held in the Appeal of Joseph Emsheimer Insurance Agency, 1 B. T. A. 649. Cf. Appeal of the Boyd Tax Service Corporation, 1 B. T. A. 346.